J-S41044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAKE T. TRUVER | : | |
| | : | |
| Appellant | : | No. 716 WDA 2023 |

Appeal from the PCRA Order Entered June 1, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000092-2021

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED:  December 5, 2023**

Blake T. Truver appeals from the June 1, 2023 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.[1]

This matter stems from Appellant's aggregate judgment of sentence of 19 to 58 years' imprisonment imposed following his open guilty plea to five counts of recklessly endangering another person, burglary, criminal conspiracy, robbery, simple assault, six counts of theft by unlawful taking, aggravated assault by vehicle, fleeing or attempting to elude an officer, two

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has indicated it will not be filing a brief in this matter and relies on the reasoning set forth in the PCRA court's June 1, 2023 opinion.

counts of possession of a controlled substance, and use or possession of drug paraphernalia.[2]

The underlying facts of this case were summarized by a prior panel of this Court as follows:

> On January 25, 2021, Appellant and another individual pushed their way into a home, beat the resident who was present at the time, and stole firearms, guitars, and amplifiers. The second resident arrived home during the incident and recognized Appellant as a childhood friend. Appellant and the other assailant, brandishing knives, chased the second resident from the home before jumping in Appellant's car and driving away. A high-speed, seventeen-mile chase with police officers ensued. The chase ended when Appellant lost control of the vehicle which caused it to rollover several times. Appellant and his co-conspirator were airlifted to a hospital. Police officers observed stolen property, drugs and drug paraphernalia, and cash strewn inside and outside the crashed vehicle.

*Commonwealth v. Truver*, 285 A.3d 953 (Pa.Super. 2022) (unpublished memorandum at *1).

The PCRA court summarized the relevant procedural history of this case as follows:

> At a pretrial conference held April 26, 2021, the Court established June 2, 2021 as [Appellant's] last day to enter a negotiated plea and, commensurate with his case tracking sheet, June 9, 2021 as his jury selection date. There was no plea offer on the table at the time, and when [District Attorney Jeffrey D. Burkett ("D.A.

---

[2] 18 Pa.C.S.A. §§ 2705, 3502(a)(1)(i), 903, 3701(a)(1)(i), 2701(a)(3), and 3921(a); 75 Pa.C.S.A. §§ 3732.1 and 3733(a); and 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

Burkett")] and [John M. Ingros, Esq. (hereinafter "plea counsel")] met for a second criminal conference on May 19, 2021, the former again deferred, saying that he wanted more time to think about it. [Plea counsel] did not rejoin with his own proposal. Subsequently, with little time remaining before [Appellant] would have to decide whether to accept a plea offer or go to trial, [plea counsel] received an e-mail from the district attorney saying that he was willing to ***nolle prosse*** some of [Appellant's] charges if he entered open pleas of guilty to the rest.

As he sat in a cell at the Jefferson County Courthouse the morning of June 2, [Appellant] did not know where his case stood and was surprised when [plea counsel] said he only had two options: plead guilty that day or go to trial. An open plea, he explained, would leave sentencing at the Court's discretion but would limit [Appellant's] exposure since the charges would be fewer in number, whereas a jury trial would encompass all the charges and would likely feature his codefendant as a witness for the Commonwealth. Having been advised that the Court could exercise its discretion to run his individual sentences consecutive to one another, and told specifically what the aggregated maximum could be, he ultimately decided to plead guilty [on June 2, 2021].

When it sentenced [Appellant] two weeks later, the Court had in its a possession a [pre-sentence investigation report ("PSI")] that employed the wrong OGS for Count 4, criminal conspiracy/burglary. As a result, it errantly identified the applicable standard range as "42-54," when it should have been "24-36." The attendant mitigated ranged was "-12" in either case, and the Court, after noting that it would be imposing a mix of standard[] and mitigated-range sentences, imposed "a consecutive mitigated sentence of no less than two and a half nor more than ten years" relative to Count 4. One year longer than his co-defendant's, the aggregated sentence was 19-58 years, which the Court deemed to be "the appropriate sentence" under the circumstances.

- 3 -

[Plea counsel] did not realize at the time of sentencing that the PSI recited the wrong OGS and guideline ranges for criminal conspiracy/burglary. They were, after all, the same numbers he had ascribed on the plea colloquy two weeks earlier. He thus did not raise contemporaneous objection at the hearing or plead the error in post-sentence motions. Less than confident that a timely objection would have altered [Appellant's] sentence, however, "one could always hope" was the best he was willing to offer when PCRA counsel asked whether he thought the Court would have imposed a lower minimum had he recognized and brought the error to its attention.

Although the OGS error was not among his arguments, [plea counsel] appealed the judgment of sentence on the basis that the Court had abused its sentencing discretion. [This panel of Court ultimately affirmed Appellant's judgment of sentence on September 27, 2022, and Appellant did not seek allowance of appeal with our Supreme Court. *See Commonwealth v. Truver*, 285 A.3d 953 (Pa.Super. 2022).] He later explained the nature of his argument in a letter to [Appellant] and gave his honest assessment that it would likely fail. Thence offering his client hope, however, he proceeded to suggest a post-appeal PCRA petition, outlining both the issue he thought [Appellant] should explore and the testimony he could provide to support it. His testimony on March 14, 2023 was consistent with that correspondence.

In [plea counsel's] estimation, [Appellant's] case was rushed for two reasons: the Commonwealth wanted to resolve his and his co-defendant's charges simultaneously if both were going to plead guilty, while the Court, on account of substantial medical and transport costs accruing to the county, wanted to get his co-defendant sentenced and out of the Jail as soon as possible. He believed that [D.A.] Burkett, if given more time, would have made an offer that encompassed fewer charges and/or a lesser sentence than the Court imposed, though. He was likewise confident that the district attorney would have "jumped at" a proposal from [Appellant] that entailed

> a 15-year minimum and may have even assented to a 7½ or 10-year minimum. [Plea counsel's] confidence was misplaced.
>
> As he credibly testified, the district attorney never intended to make a term-of-years offer in this case. Backed by what he believed were an egregious set of facts and a strong case to present to a jury, he was certain he could prove the charges beyond a reasonable doubt. He also expected that the acceptable minimum sentence in his head would garner an immediate rejection. Thus, a charge-based, open plea was all he was ever going to offer.
>
> Notwithstanding his conviction that a delay would have benefited his client, [plea counsel] did not request a continuance. None was yet due for Rule 600 purposes, he knew, and having gotten the impression that the Court would not sanction a delay under the circumstances, he did not consider asking it to continue [Appellant's] last day to plea. He thus did not test the accuracy of his impression or preserve for appeal the sustainability of an adverse ruling.

PCRA court opinion, 6/1/23 at 2-3 (citations omitted).

On November 18, 2022, Appellant filed a timely *pro se* PCRA petition. George L. Daghir, Esq. ("PCRA counsel") was appointed to represent Appellant and filed an amended PCRA petition on his behalf on January 9, 2023. The PCRA court conducted an evidentiary hearing on this matter on March 14, 2023. Following this hearing, the PCRA court entered an order and opinion denying Appellant's PCRA petition on June 1, 2023. On June 21, 2023, Appellant filed a timely notice of appeal.[3]

---

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

> 1. Was [plea] counsel ineffective in failing to object to the improper minimum sentencing guideline range being listed on the [PSI] that was utilized by the sentencing court at time of sentencing, leading to an illegal sentence being entered, when the correct standard minimum sentencing guideline range for Count 4 (criminal conspiracy to commit burglary) was "24-36" months and not the standard range listed in the PSI as "42-54" months[?]
>
> 2. Was [plea] counsel ineffective in failing, between February 9, 2021 (date preliminary hearing waived) and June 2, 2021 (date guilty pleas entered), to engage with the Commonwealth in entering a more favorable plea agreement and/or filing a motion requesting a continuance of the June 2, 2021, plea date in order to give [plea] counsel sufficient time to negotiate a more favorable plea agreement with the Commonwealth[?]

Appellant's brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record

could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Both of Appellant's claims concern the purported ineffectiveness of his plea counsel. Specifically, Appellant first argues that his plea counsel was ineffective for failing to object to the incorrect offense gravity score ("OGS") for criminal conspiracy to commit burglary that was listed in the PSI. Appellant's brief at 9-12. For the following reasons, we disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d

- 7 -

1238, 1242 (Pa.Super. 2011) (citation omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011). "If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the third prong of the aforementioned test; namely, that he suffered actual prejudice as a result of plea counsel's inaction.

Here, as recognized by the PCRA court, Appellant presented "no credible evidence that [the sentencing court] would have imposed a lesser minimum [sentence] had [plea counsel] objected to the OGS error at Count 4. ***See*** PCRA court opinion, 6/1/23 at 4. The record reflects that the sentencing court explicitly noted during Appellant's sentencing hearing that it considered all of his charges separate from that of his co-defendant and combined his individual sentences to result in an aggregate term of 19 to 58 years' imprisonment. Notes of testimony, 6/16/21 at 7-8, 16. The court deemed this aggregate sentence "appropriate" given the serious nature of his crimes. ***Id.*** The record further reflects that regardless of the incorrect OGS, Appellant was still sentenced to 2½ to 10 years' imprisonment for the crime criminal conspiracy to commit burglary (Count 4), which was well within the standard range of the Sentencing Guidelines, and a fact that Appellant acknowledges in his brief. ***See id.*** at 12; ***see also*** Appellant's brief at 12-13

"In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for

counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa.Super. 2012) (citations omitted), ***appeal denied***, 114 A.3d 416 (Pa. 2015). Appellant has failed to demonstrate that he would have received a lesser sentence from the court, but for plea counsel's inaction. Accordingly, we find no error in the PCRA court's disposition of this claim.

Appellant next argues that plea counsel was ineffective for failing to engage with the Commonwealth to negotiate a more favorable plea deal and for not filing a motion for continuance in order to give himself more time to negotiate. Appellant's brief at 13-18.

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to establish that plea counsel had no reasonable basis for his decision to forgo further plea negotiations. The record reveals that Jefferson County D.A. Burkett testified at great length at the March 14, 2023 PCRA hearing, noting his reluctance to make an "exact time offer" or reduce the charges to the extent that Appellant's sentence would have been less than the aggregate 19 to 58 year term-of-imprisonment imposed:

> Q.   Do you recall speaking with [plea counsel] regarding this particular case?
>
> A.   I remember the case really well and I remember [plea counsel] represented [Appellant]   But there was never going to be an exact time offer made on the case from my perspective and I can explain why.
>
> Q.   Okay.

- 9 -

A.    In cases where I think somebody deserve a really harsh sentence, a lot of times what I would do it I know that the numbers will shock them and that they would most likely not take the offer. I'd make a charge bargain. I've done that – I've done that a lot of times over the years.

I'll make a charge bargain and say I want pleas to this set of charges. And the reason I do that is, you know it gives them hope that [they] have something that they could talk about at sentencing and possibility after [the] Judge be more lenient on them that I would have been on an offer.

But when I did that I generally thin[k] that the charges and the allegations really justify a really harsh offer.

. . . .

And the same thing happened here in this case. I thought we had a really good case. This was a really serious crime. It was a big city crime in my view. And you know, I thought it was probably drug motivated probably but that it was a really violent robbery, home invasion. You know where they – they really caused some pretty good injuries to the victim and then they took off on a really, really high speed car c[h]ase. . . . I thought we had a really good case so I made the charge bargain offer. Thinking slightly that the Court would see it the way we did and impose a pretty harsh sentence. But I was committed to doing it that way instead of making an exact offer for time.

Q.    So, there was never going to be any other opportunity for [plea counsel] to negotiate or renegotiate? Is that correct?

> A. Yeah. There was no – I've used that as a charge bargain from the get go….

Notes of testimony, 3/14/23 at 35-38.

Plea counsel, it turn, testified during the hearing that he elected not to request a continuance to continue plea negotiations with the Commonwealth "[b]because it was made clear to me – I felt that we were picking [a] jury or we were pleading that day[,]" and that any effort to the contrary would have been fruitless. *Id.* at 12.

Based on the foregoing, we conclude that Appellant's claim fails on the reasonable basis prong, as it is clear plea counsel made a strategic decision to forgo further plea negotiations. Accordingly, we find no error in the PCRA court's disposition of this claim.

For all of the foregoing reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition and affirm its June 1, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/5/2023